**IN THE COUNTY COURT OF THE SEVENTH JUDICIAL CIRCUIT,
IN AND FOR THE COUNTY OF PUTNAM, STATE OF FLORIDA**



RICHARD ADKINS
   Plaintiff

CASE NO: _11 - 0210CC_

v.

JUDGE:_Morris_

ZAKHEIM & ASSOCIATES, PA
   Defendant

*3:11-cv 389-4-25 mcr*

and

CITIBANK (SOUTH DAKOTA), NA
   Defendant
_____/

## CONSUMER PROTECTION COMPLAINT
## & DEMAND FOR JURY TRIAL

Comes now, the plaintiffs, **Richard Adkins,** (Hereinafter referred to as "**The Plaintiff**"), on behalf of himself and by and through undersigned counsel, files this complaint against **the Defendant: ZAKHEIM & ASSOCIATES, PA** (hereinafter referred to as "**ZAKHEIM**"), and **the Defendant: CITIBANK (SOUTH DAKOTA), NA** (hereinafter referred to as "**CITIBANK**"), and in support thereof would state the following:

### GENERAL ALLEGATIONS

1. This is an action for violations of Consumer Protection Laws that exceeds $5,000 but does not exceed $15,000 exclusive of attorney's fees and costs.

2. At all pertinent times, Plaintiff was and remains a natural person who is domiciled in 5321 Magnolia Ridge Road, Fruitland, Putnam County, Florida.

3. Plaintiff is an "individual consumer" as defined in the FDCPA §1692 a (3) and is alleged to have incurred a financial obligation for personal, family or household purposes, specifically a debt with Citibank.

4. All alleged violations of the Consumer Protection laws occurred in Broward County, Florida.



EXHIBIT
A

1

5.  At all pertinent times, ZAKHEIM was and remains a corporation organized under the laws of the State of Florida with its principal place of business being located at 1045 S  University Drive, Suite 202, Plantation, FL 33324.

6.  ZAKHEIM is both a "person" and "user" of consumer credit and other financial information, as well as a "furnisher of information as said terms are defined and contemplated respectively, under the FCRA 15 USC § 1681

7.  ZAKHEIM is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55 (6) specifically the Defendant is a business entity whose principle business purpose is the collection of debts in the State of Florida.

8  ZAKHEIM regularly uses United States mail and/or other instrumentalities of interstate commerce in a business, which is the collection of debts or the attempt to collect debts for other parties.

9  ZAKHEIM failed to provide any notice of assignment to Plaintiff as required by law.

10.   In addition, according to the Florida Office of Financial Regulation, ZAKHEIM is not currently licensed under section 559, Florida Statute, as a consumer debt collection agency.

11. That CITIBANK and ZAKHEIM are in a joint venture to collect this alleged debt.

12.  Beginning in October 2010 and continuing through the present, the Plaintiff entered disputes with the Equifax, Experian and Trans Union consumer reporting agencies disputing accuracy and/or completeness of said debt as reported by ZAKHEIM.

13  Beginning in December 2010 and continuing through the present, the Plaintiff entered disputes with ZAKHEIM disputing the accuracy and/or completeness of said debt as reported by ZAKHEIM.

14. As a result of the acts alleged in this complaint, Plaintiff, suffered headaches, nausea, embarrassment, and weight loss, incurred sick leave and expenses for mediations.

15. As a result of **ZAKHEIM**'s actions, the Plaintiff has suffered damage to his/her credit worthiness.

16. As a result of **ZAKHEIM**'s actions, the Plaintiff's credit score has been reduced thereby negatively impacting his/her ability to obtain financing or extensions of credit

17. Plaintiff, through his counsel, sent a Cease & Desist letter to **ZAKHEIM** via certified mail, Article Number 7010 2780 0002 7633 7434 dated December 30, 2010. Plaintiff's counsel sent said dispute letter to 1045 S. University Drive, Suite 202, Plantation, FL 33324.

18. On January 10, 2011, **ZAKHEIM** received the Cease and Desist letter that was sent via certified mail, Article Number 7010 2780 0002 7633 7434.

19. On February 05, 2011, **ZAKHEIM** contacted the Defendant by telephone twice in an attempt to collect the alleged debt. First on Plaintiff's cellular phone at 10:19 a.m. and the second at the Plaintiff's house phone at 10:20 a.m.

20. During the second call on February 05, 2011 at 10:20 a.m., Denise, a representative of **ZAKHEIM** stated that they would be filing lawsuits regarding the alleged debt.

21. On February 11, 2011, **ZAKHEIM** called Plaintiff twice, attempting to collect the alleged debt. First on Plaintiff's cellular phone at 11:41 a.m. and again at Plaintiff's house phone at 11:46 a.m.

22. On February 12, 2011, **ZAKHEIM** called Plaintiff twice, attempting to collect the alleged debt. First on Plaintiff's house phone at 9:42 a.m. and again on Plaintiff's cellular phone at 9:45 a.m.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF 15 USC §1692 (c)
### (FAIR DEBT COLLECTION PRACTICES ACT)
### PROHIBITED COMMUNICATION

23. Plaintiff reavers and realleges each and every allegation contained within paragraphs 1 through 22, as though more fully set forth herein, and further states: **FAILURE TO CEASE AND DESIST**

24. In attempting to collect the alleged debt, **ZAKHEIM**, by and through its agents and employees, violated the provisions of the Fair Debt Collection Practices Act 15 USC §1692(c)(c) by communicating with the Plaintiff after written notification that the consumer refuses to pay the debt and/or that the consumer wants the collector to cease communications with him.

a. On December 30, 2010 Plaintiff caused to be forwarded a "Cease and Desist" letter to **ZAKHEIM** in reference to Citibank account number 5424180469115460 as reported by the Equifax, Experian and Trans Union consumer reporting agencies. Said letter, posted by certified mail return receipt number 7010 2780 0002 7633 7434, was delivered to **ZAKHEIM** on January 10, 2011. See Attached Exhibits A and B respectively.

b. Despite the Plaintiff's request for no further contact with **ZAKHEIM**, **ZAKHEIM** called the Plaintiff multiple times which is a communication as defined in the FDCPA.

c. **ZAKHEIM**'s communication to the Plaintiff was for reasons other than those exceptions enumerated within section 806 (C) (1)-(3) of the Fair Debt Collection Practices Act.

## PROHIBITED PHONE CONTACT

25. **ZAKHEIM**, by and through its agents and employees violated FRCPA 15 USC §1692 (c)(a)(1) by communicating with Plaintiff at an unusual time or place or time and place known or which should have been known to be inconvenient to the Plaintiff.

a. Specifically calling Plaintiff after receiving Plaintiff's Cease & Desist letter.

## ATTORNEY REPRESENTATION

26. **ZAKHEIM**, by and through its agents and employees violated FRCPA 15 USC §1692 (c)(a)(2) by communicating with Plaintiff after **ZAKHEIM** knew or should have know that the Plaintiff was represented by counsel.

a. Specifically calling on February 05, 2011; February 11, 2011; & February 12, 2011.

b. That counsel for the Plaintiff did not consent to direct

contact with his client.

27.   As a direct and proximate result of the Defendant 5 violation(s) of the Fair Credit Reporting Act, the Plaintiff has suffered out-of-pocket expenses as well as other actual damages, loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish, humiliation and embarrassment of credit denials.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, for an award of actual; statutory damages; and reasonable attorney's fees and costs including pre-post judgment interest at the legal rate; punitive damages; declaratory relief including but not limited to an order directing that the Defendant immediately delete the debt from Plaintiff's credit reports and files and immediately cease the reporting of this debt to any all persons to whom the Defendant furnishes credit information and such other relief this court deems necessary, equitable and proper.

## COUNT II
## VIOLATION OF 15 USC §1692 (d)
## (FAIR DEBT COLLECTION PRACTICES ACT)
## HARASSMENT

28  Plaintiff reavers and realleges each and every allegation contained within paragraphs 1 through 22, as though more fully set forth herein, and further states:

### CONTINUOUS CALLS

29.   In attempting to collect the alleged debt, **ZAKHEIM,** by and through its agents and employees, violated the provisions of the Fair Debt Collection Practices Act 15 USC §1692 (d) (5) by causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called/dialed number.  More specifically by repeated and relentless contact with the Plaintiff, specifically contacting him 2 times per day for three days.

30.   As a direct and proximate result of the Defendant's 5 violation(s) of the Fair Credit Reporting Act, the Plaintiff has suffered out-of-pocket expenses as well as other actual damages, loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish, humiliation and embarrassment of credit denials.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, for an award of actual; statutory damages; and reasonable attorney's fees and costs including pre-post judgment interest at the legal rate; punitive damages; declaratory relief including but not limited to an order directing that the Defendant immediately delete the debt from Plaintiff's credit reports and files and immediately cease the reporting of this debt to any all persons to whom the Defendant furnishes credit information and such other relief this court deems necessary, equitable and proper.

## COUNT III
## VIOLATION OF 15 USC §1692 (e)
## (FAIR DEBT COLLECTION PRACTICES ACT)
## FALSE OR MISLEADING REPRESENTATIONS
## IN COMMUNICATIONS

31. Plaintiff reavers and realleges each and every allegation contained within paragraphs 1 through 22, as though more fully set forth herein, and further states:

### DECEPTIVE DEBT COLLECTION

32.   In attempting to collect the alleged debt, **ZAKHEIM**, by and through its agents and employees, violated the provisions of the Fair Debt Collection Practices Act 15 USC §1692 (e) by engaging in deceptive conduct.

    a.   Specifically, threatening Plaintiff that they would file a lawsuit when they had no intention of doing so.

33.   As a direct and proximate result of the Defendant's 5 violation(s) of the Fair Credit Reporting Act, the Plaintiff has suffered out-of-pocket expenses as well as other actual damages, loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish, humiliation and embarrassment of credit denials.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, for an award of actual; statutory damages; and reasonable attorney's fees and costs including pre-post judgment interest at the legal rate; punitive damages; declaratory relief including but not limited to an order directing that the Defendant immediately delete the debt from Plaintiff's credit reports and files and immediately cease the reporting of this debt to any all persons to whom the Defendant furnishes credit information and such other relief this court deems necessary, equitable and proper.

## COUNT IV
### Violation of the Telephonic Consumer Protection Act 47 U.S.C 227 (b)(iii)
### (Repeated and Unwanted Telephone Calls to Cellular Telephone Using an Auto-Dialer)
### As to ZAKHEIM and CITIBANK as principle of ZAKHEIM

Plaintiff reavers and realleges each and every allegation contained within paragraphs 1 through 22, as though more fully set forth herein, and further states:

34.    **ZAKHEIM** called the Plaintiffs Cellular Telephone Number in excess of 3 times over a month period

35    **ZAKHEIM** utilizes an auto-dialer system as defined by 47 U.S.C 227 (a)(1).

36.    Said telephone call was made through use of said auto-dialer.

37.    Plaintiff did not give **ZAKHEIM** permission to contact him via his cellular telephone number.

38.    **ZAKHEIM** continued calling Plaintiff's cellular telephone despite being put on notice that they were calling his cellular telephone and being requested to stop

39.    **CITIBANK** is the principle of **ZAKHEIM** and is liable for the illegal acts of their agent **ZAKHEIM.**

40.    Said violation is willful and entitles Plaintiff to $1,500.00 per telephone call as punitive damages

41.    Plaintiff seeks punitive damages.

WHEREFORE, Plaintiff demands judgment against the **ZAKHEIM** and **CITIBANK,** for compensatory damages, statutory damages in the amount of $1,500,000.00 (representing willful statutory damages of $1,500 00 per telephone call for 3 telephone calls, exclusive of costs and attorney's fees, which are prayed for in addition thereto. Plaintiff further demands a trial by jury of all issues so triable.

## COUNT V
### CLAIM FOR PERMANENT INJUNCTIVE RELIEF

42    Plaintiff reavers and realleges each and every allegation contained within paragraphs 1 through 22, as though more fully set forth herein, and further states:

43    This is an action for injunctive relief that is brought pursuant to section 559.77, Florida Statute.  Pursuant to said section, the Court may enjoin the Defendant from committing further violations of section 559.72

44.    There is a substantial likelihood of irreparable harm if the Defendant conduct is not enjoined because it would allow the Defendant to continue an attempt to collect the alleged debt from the Plaintiff and continue to damage the Plaintiff's good name and reputation within the community by and through a reduced credit score.

45.    The Plaintiffs have no adequate remedy at law to prevent further violations of section 559.72, Florida Statute.

46.    There is a substantial likelihood of success on the merits, and this injunction will best serve the public interest.

47.    The Plaintiffs have retained the undersigned attorney in the prosecution of this action and is obligated to pay him reasonable attorney's fees. Attorney's fees are recoverable pursuant to Florida Statute, section 559.77.

WHEREFORE, Plaintiff demands judgment against the Defendant, permanently enjoining said Defendant from any further collection of the aforementioned alleged debt, or violations of section 559.72, Florida Statute, exclusive of attorney's fees, which are prayed for in addition thereto.

## DEMAND FOR JURY TRIAL

Plaintiff/Consumer further demands a trial by jury on all issues so triable.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, by and through the undersigned counsel, demand relief against the Defendant as follows:

A.)    A judgment against the Defendant in an amount equal to any actual damages sustained by Plaintiff.

B.)    A judgment against the Defendant for statutory damages in an

8

amount equal to $1,000.00 per violation.

C.)   A judgment against the Defendant for punitive damages in the amount this court deems reasonable.

D )   Pre and post judgment interest on the aforementioned judgments at the maximum rate and for the maximum duration allowed by law.

E.)   An award of attorneys' fees and costs herein incurred.

F.)   Temporary and/or injunctive relief precluding the Defendant from further obtaining or using Plaintiff's consumer report

G.)   An order directing the Defendant to immediately delete all inaccurate or incomplete information from the Plaintiff's credit reports and files and to cease reporting the inaccurate or incomplete information to any and all persons and entities to whom they report consumer credit information.

H.)   Any and all other relief to which Plaintiff may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

Dated this 28 day of February, 2011.

Respectfully Submitted,

**CONSUMER DEBT LEGAL GROUP**
ADAM R. BARNETT, ESQUIRE
Counsel for the Plaintiff
333 NW First Avenue
Fort Lauderdale, FL 33301
Tel: 877-694-9729
Fax: 877-393-1347
E-mail: abarnett@consumerdebtlegalgroup.com

BY: _____
ADAM R. BARNETT, ESQ  0035286

# Exhibit A

# CONSUMER DEBT LEGAL GROUP

Richard Adkins
1531 Bedtolyon Road
West branch, Michigan  48661

CERTIFIED MAIL – RETURN RECEIPT
Article #:7010 2780 0002 7633 7434

December 30, 2010

Zakheim & Associates
1045 South University Drive
Suite 202
Plantation, Florida  33324



Dear Sir/Madam:

This letter is forwarded to your agency reference account number (as well as ALL accounts maintained under social security number # 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 and the dunning collection notices/telephone calls recently received.  Insofar as your agency is a debt collector pursuant to section 803 of the Fair Debt Collection Practices Act, you will be treated like one.  Therefore, the Fair Debt Collection Practices Act – and all of its relevant provisions – will be invoked.

YOU ARE HEREBY NOTIFIED that this is a disputed debt pursuant to section 809 of the Fair Debt Collection Practices Act.  The specific content of said dispute was recently stated – verbally – to a collector at your agency who refused to provide their name upon request thereof.  Pursuant to the FDCPA, you are prohibited from dunning a debtor when a specific debt is disputed

YOU ARE FURTHER NOTIFIED that this is a disputed debt pursuant to section 623 of the Fair Credit Reporting Act.  It is my belief that your agency has illegally reported this disputed debt to Equifax, Experian, and/or Trans Union.  If this is the case, I will most certainly litigate an action against your agency insofar as it has willfully reported a disputed debt.  Pursuant to the FCRA, your agency must notify the consumer reporting agencies of any disputed delinquency immediately upon notification thereof.  A further cause of action may exist for failure to perform this ministerial task.

YOU ARE FURTHER NOTIFIED that you are prohibited from contacting my cellular telephone using an auto-dialer pursuant to 47 U.S.C. 227.  My cellular telephone number is 517/749-8023.  Any expressed or implied permission to dial my cellular telephone using an auto dialer is hereby revoked.  Do not, under any circumstance, call my cellular telephone number.

YOU ARE FURTHER NOTIFIED that I desire no further communication with your agency pursuant to section 805 of the Fair Debt Collection Practices Act.  Your agency is to CEASE and DESIST all further communication immediately.  Should I receive another piece of dunning correspondence that does not comport with the provisions of the FDCPA, I will immediate initiate litigation against your agency.

Regards,

Richard Adkins

Equifax
P.O. Box 740123
Atlanta, GA 30374

Experian
P.O. Box 2002
Allen, TX 75013

Trans Union Corp.
P.O. Box 2000
Chester, PA 19022

333 Northwest 1st Avenue | Fort Lauderdale, FL 33301
(877) 694-9729 | Fax (877) 393-1347

# Exhibit B

USPS - Track & Confirm                                                        Page 1 of 1

 **UNITED STATES POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm        FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7010 2780 0002 7633 7434
Expected Delivery Date: January 10, 2011
Class: First-Class Mail®
Service(s): Certified Mail™
            Return Receipt
Status: Delivered

Your item was delivered at 10:30 am on January 10 2011 in ANDOVER,
MA 01810

**Detailed Results:**
• Delivered, January 10, 2011, 10:30 am, ANDOVER, MA 01810
• Notice Left, January 10, 2011, 9:45 am, ANDOVER, MA 01810
• Arrival at Unit, January 10, 2011, 8:54 am, ANDOVER, MA 01810
• Acceptance, January 06, 2011, 10:16 am, FORT LAUDERDALE, FL 33311

**Track & Confirm**
Enter Label/Receipt Number



( Go > )

## Notification Options

**Track & Confirm by email**
Get current event information or updates for your item sent to you or others by email  ( Go > )

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA



| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List    Next on List    Return To List                    Entity Name Search

Events    Name History                                                [ Submit ]

# Detail by Entity Name

## Florida Profit Corporation

ZAKHEIM & LAVRAR, P.A.

## Filing Information

Document Number        S31533
FEI/EIN Number         650240927
Date Filed             02/13/1991
State                  FL
Status                 ACTIVE
Last Event             AMENDMENT AND NAME CHANGE
Event Date Filed       12/29/2010
Event Effective Date   01/01/2011

## Principal Address

1045 SOUTH UNIVERSITY DRIVE
SUITE 202
PLANTATION FL 33324

Changed 04/14/2005

## Mailing Address

1045 SOUTH UNIVERSITY DRIVE
SUITE 202
PLANTATION FL 33324

Changed 04/14/2005

## Registered Agent Name & Address

ZAKHEIM, SCOTT C.
1045 SOUTH UNIVERSITY DRIVE
SUITE 202
PLANTATION FL 33324 US

Address Changed: 04/14/2005

## Officer/Director Detail

Name & Address

Title D

ZAKHEIM, SCOTT C.
1045 SOUTH UNIVERSITY DRIVE  SUITE 202
PLANTATION FL 33324

Title V

LAVRAR, FLYNN
1045 SOUTH UNIVERSITY DRIVE, SUITE 202

PLANTATION FL 33324

## Annual Reports

**Report Year Filed Date**
2008        04/04/2008
2009        03/30/2009
2010        02/18/2010

## Document Images

| | |
|---|---|
| 12/29/2010 -- Amendment and Name Change | View Image in PDF format |
| 02/18/2010 -- ANNUAL REPORT | View Image in PDF format |
| 03/30/2009 -- ANNUAL REPORT | View Image in PDF format |
| 04/04/2008 -- ANNUAL REPORT | View Image in PDF format |
| 03/27/2007 -- ANNUAL REPORT | View Image in PDF format |
| 07/10/2006 -- ANNUAL REPORT | View Image in PDF format |
| 04/14/2005 -- ANNUAL REPORT | View Image in PDF format |
| 01/30/2004 -- ANNUAL REPORT | View Image in PDF format |
| 04/18/2003 -- ANNUAL REPORT | View Image in PDF format |
| 04/07/2002 -- ANNUAL REPORT | View Image in PDF format |
| 01/25/2001 -- ANNUAL REPORT | View Image in PDF format |
| 04/20/2000 -- ANNUAL REPORT | View Image in PDF format |
| 03/22/1999 -- ANNUAL REPORT | View Image in PDF format |
| 11/30/1998 -- Name Change | View Image in PDF format |
| 03/10/1998 -- ANNUAL REPORT | View Image in PDF format |
| 06/10/1997 -- ANNUAL REPORT | View Image in PDF format |
| 07/16/1996 -- ANNUAL REPORT | View Image in PDF format |
| 05/01/1995 -- ANNUAL REPORT | View Image in PDF format |

Note: This is not official record. See documents if question or conflict.

Previous on List      Next on List      Return To List                          Entity Name Search

Events                Name History                                             Submit

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |

Copyright © and Privacy Policies
State of Florida, Department of State

## PUBLIC LICENSE SEARCH

The OFR public license search contains information about businesses and individuals regulated by the Office of Financial Regulation, excluding pending applications.

To search for an individual, you must enter at least the individual's last name or the individual's license number, and then select the Search button

To search for a business, you must enter the business name or the license number, and then select the Search button
If your search returns multiple results, click on the hyperlink on the license number and the license details will be displayed.

NOTICE REGARDING VERIFYING MORTGAGE INDUSTRY LICENSES: Individuals, Companies, and Branch Offices that hold an APPROVED license as
reflected on this website regardless of the license expiration date may continue operating on or after January 1, 2011.

ZAKHEIM & ASSOCIATE

Search    Reset

**0 Records Found**